# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30923
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2017

Lyle W. Cayce
Clerk

SHELDRICK DEJOHNETTE,

      Plaintiff - Appellant

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CV-505

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sheldrick DeJohnette applied for Social Security Disability Insurance ("SSDI") benefits and was denied. An Administrative Law Judge ("ALJ") reviewed DeJohnette's application and concluded that, because DeJohnette was capable of working with certain restrictions, he was not entitled to SSDI benefits. The district court concluded there was substantial record evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30923

supporting the ALJ's factual determinations, and affirmed the ALJ's ruling. DeJohnette appeals. We affirm.

I

DeJohnette applied for SSDI benefits, alleging disability because of schizophrenia psychosis, post-traumatic stress disorder, major depression, high blood pressure, migraines, anxiety/panic attacks, and insomnia. After his claim was initially denied by the state agency, DeJohnette requested and received a hearing before the ALJ. The ALJ applied the five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether an individual is disabled for purposes of SSDI benefits. *See* 20 C.F.R. § 404.1520(a). At step four, the ALJ determined that DeJohnette, despite his various ailments, could continue to perform his past work as a paper mill laborer. The ALJ therefore determined that DeJohnette did not qualify for SSDI benefits.

DeJohnette sought to appeal the ALJ's decision to the SSA's Appeals Council. The Appeals Council declined DeJohnette's request for review, concluding there was "no reason under [SSA] rules to review the [ALJ's] decision." DeJohnette then went to federal district court. The district court affirmed the ALJ's ruling.

II

"In an appeal from an ALJ's denial of [SSDI] benefits, we review the ALJ's decision alone to determine whether [it] applied the proper legal standard and, if so, whether substantial evidence supports [its] decision." *Randall v. Astrue*, 570 F.3d 651, 655 (5th Cir. 2009).

III

DeJohnette makes three arguments as to why the ALJ's determination was not supported by substantial evidence. He contends that the ALJ: (1)

wrongly rejected the assessment of Dr. Agarwal, DeJohnette's treating psychiatrist; (2) made a mistaken credibility determination because it did not properly take into account the ways in which DeJohnette's mental impairments prevented him from complying with prescribed treatment; and (3) mistakenly relied on the testimony of a Vocational Expert ("VE") to the effect that DeJohnette could competently work as a paper mill laborer. None of these arguments is availing. We address each in turn.

A.    Dr. Agarwal

After treating DeJohnette in 2012, Dr. Rita Agarwal filled out a form and checked a box indicating that DeJohnette "face[d] a substantial possibility of deterioration in mental or physical condition or functioning if either home and community-based services or nursing facility services [were] not provided in less than 120 days." The form then instructed the physician to "[p]lease provide a brief statement supporting your response." Dr. Agarwal failed to provide any such statement. Because Dr. Agarwal failed to provide any explanation supporting her conclusions, the ALJ accorded Dr. Agarwal's opinion "little weight."[1]

DeJohnette contends that the ALJ's decision not to credit Dr. Agarwal was not supported by substantial evidence. We disagree. The ALJ was well within its discretion to conclude that Dr. Agarwal's checking a single box on a single form without any supporting medical evidence did not outweigh the other substantial record evidence supporting a finding of no disability.  The ALJ's choice not to credit Dr. Agarwal was not error.

---

[1] In explaining why it did not lend much credence to Dr. Agarwal's opinion, the ALJ also noted that Dr. Agarwal had herself indicated only one month prior to filling out the form that DeJohnette was "doing well."

No. 16-30923

B.     Credibility Determination

DeJohnette next argues that the ALJ's conclusion that DeJohnette's "statements concerning the intensity, persistence and limiting effects" of his symptoms were not credible was not supported by substantial evidence. As the district court explained, the ALJ's adverse credibility determination was based largely on the fact that DeJohnette "was not compliant with his medication. There was record evidence demonstrating his condition often improved when he was compliant with his medication. . . . Moreover, there is record evidence that [DeJohnette] did not complete activities suggested by his treating psychologist at the time which may have improved his condition." The ALJ thus found that DeJohnette's noncompliance with prescribed treatment made his testimony as to the severity of his symptoms not credible.

DeJohnette now argues that the ALJ's credibility determination was flawed because, to the extent that DeJohnette was not complaint with his treatment, that noncompliance was itself caused by his medical condition. He contends, in short, that the nature of his medical condition "excuses any noncompliance." But, as the Commissioner notes in her brief, the ALJ asked DeJohnette point blank, "do you take the medication as prescribed by your doctors?" and DeJohnette answered, "Yes sir." Thus, DeJohnette's argument before us now that his noncompliance is excusable—which implicitly acknowledges that such noncompliance existed—itself contradicts DeJohnette's own testimony and calls his credibility into question. The ALJ's adverse credibility determination was amply supported by substantial record evidence.

C.     VE's Testimony

Finally, DeJohnette argues that the ALJ erred in relying on the VE's testimony to the effect that DeJohnette could work in his old job at the paper

mill. The ALJ asked the VE whether a hypothetical individual with limitations comparable to DeJohnette's would be able to perform work as a laborer in a paper mill. The VE answered in the affirmative. DeJohnette now argues that, because the ALJ incorrectly discredited Dr. Agarwal's medical findings, the hypothetical person the ALJ described to the VE—who embodied DeJohnette's limitations as the ALJ saw them—was not actually an accurate reflection of DeJohnette. Because we conclude that the ALJ correctly gave little weight to Dr. Agarwal's medical findings such as they were, this argument is also unavailing. The hypothetical person described to the VE was fairly analogous to DeJohnette, and so the ALJ's decision to credit the VE's testimony was supported by substantial evidence.

## IV

We AFFIRM the holding of the district court.